Reese, J.
delivered the opinion of the court.
James A. Hunter, the husband of Martha and father of Joseph and Ann Hunter, several years ago, then resident in and a citizen of Virginia, by deed duly recorded in Albemarle county, conveyed certain articles of personal property, including a negro girl slave, to the complainants, therein expressly subjecting said property by a reservation on the face of said deed, to the satisfaction of all claims of any description on the part of their *212 existing creditors. He afterwards, with his wife and children, and the negro girl and some articles of said property, removed to this State. He sold a wagon and certain other property, after his removal, which were embraced in said deed, without objection on the part of his wife, and spoke of and rented the property as his own. The defendants’ Tennessee creditors, becoming such long subsequent to the date of the deed, procured the negro girl to be levied on, and were about to expose her to public sale. This bill was filed for an injunction to restrain the sale. The Chancellor dismissed the bill, and complainants have appealed to this court. We are not certain on what ground this was done. If it were because certain articles in their nature consumable in the use of them, were included in the deed, then it may be assumed that such circumstances render a deed void on the face of it against the creditors, on the ground that it furnishes pregnant and intrinsic evidence of a purpose to hinder and delay them in the collection of their debts; but the ample reservation of the rights of creditors, repels all such evidence of fraudulent purpose, and does not interpose the deed at all between the claims of the creditors and the liability of the property conveyed to satisfy them. If the decree dismissing the bill were founded upon the non-registration or improper registration of the deed in this State, then it may be assumed that the infant complainants came to this State as owners; and there is no law compelling infants, any more than other owners of slaves, to register their titles on immigration into the State. The act of 1831 does make such provision as to the ante-nuptial conveyance by way of marriage settlement, of the wife’s slaves to a trustee: that is not this case, even as to the wife, and can have no effect whatever on the title of the children. If the decree were founded upon the proof of a sale of part of the property by James A. Hunter, without objection, and his claim of ownership to the balance, including the negro; then, it must be answered that the relation of husband, to one of the complainants, and of parent to the others, who were infant children, must, on all just grounds of reason and common sense, right feeling and domestic tranquillity, prevent the standing by in silence of the wife andchild from rendering invalid, or injuriously *213 affecting their claim or title. It becomes the creditor to be careful -whom he trusts, and the purchaser to be careful from whom he buys, in all cases, and especially as to immigrants bringing with them slaves. He must be sure that he gives credit to, or buys from the owner.
If the decree proceeded upon the ground that the relation of husband and wife precluded all operation of the deed, as to transmission of title between them; the answer is, that if this be so, which it is not necessary here to enquire into or determine, still the deed would be effectual to transmit all his title to the children, the infant complainants.
Upon the whole, then, we are opinion that the relief prayed for in the bill,, without meddling with the right between the complainants, should be granted: but, under all the circumstances, we think the parties should mutually pay the costs in the case.